UNITED STATES of America

v.

Lewis HARRIS, Appellant.

No. 71-1431.

United States Court of Appeals, District of Columbia Circuit.

Argued May 24, 1972.

Decided Feb. 5, 1973.

Robert G. Hardy, Washington, D. C., with whom Christopher T. Boland, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Percy H. Russell, Jr., Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Asst. U. S. Atty.,

and David C. Woll, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, WRIGHT, Circuit Judge, and WYZAN-SKI,* Senior United States District Judge for the District of Massachusetts.

PER CURIAM:

Appellant Harris was convicted of robbery and assault with a dangerous weapon on the basis of wholly uncorroborated in and out of court identification evidence provided by two of his alleged victims, Miller and Carter. Appellant raises several issues, including identification.

There are numerous facts in the record which cast substantial doubt on the validity of the identification evidence and raise the possibility of mistake. These include:

1. The poor lighting conditions and extremely short period of observation during the crime.

2. The inability of the victims to provide an accurate description of appellant to the police.

3. The failure of Carter to identify appellant from 10 black and white photographs.

4. The fact that Carter initially made an erroneous lineup identification.

5. The fact that Carter failed to identify appellant at the suppression hearing.

6. The fact that appellant's photograph happened, by pure coincidence, to appear among 10 randomly selected pictures picked from the thousands on file for showing to Miller and Carter.

7. The fact that appellant was arrested when he appeared, of his own volition, at the police station in order to secure a "job clearance."

In the recent case of United States v. Caldwell, 151 U.S.App.D.C. 84, 87, 465 F.2d 669, 672 (1972) (*per curiam*), a panel of this court refused to affirm a conviction based upon similarly dubious identification testimony. Instead, the court remanded the record with the fol-

lowing observation: "The District Court has authority to grant a new trial, even when there is enough evidence to go to the jury. Since the case is close on the issue identified, and the overall context has elements of doubt, we think it warrants a hard look by the District Court, and a fresh determination as to what action should be taken in the interest of justice." (Footnotes omitted.)

In accordance with *Caldwell*, and acknowledging the broad discretion of the District Court, we remand the record in this case so that the District Court can make a fresh determination as to what action should be taken in the interest of justice.

Remanded.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).